**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KIMBERLY JOHNSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:25-cv-1891** |
| | ) | |
| **DISCOVER PRODUCTS, INC.; LEXIS** | ) | |
| **NEXIS RISK SOLUTIONS, INC.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Richard C. Keller TX. Bar No. 24134669
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: rkeller@burr.com

Gary S. Kessler TX Bar No. 11358200
Kessler Collins
500 N. Akard St., Ste. 3700
Dallas, TX 75201
Telephone: 214.379.0700
Facsimile: 214.373.4714
Email: gkessler@kesslercollins.com


ATTORNEYS FOR DEFENDANT
DISCOVER PRODUCTS, INC.

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ............................................................ 2

III. LEGAL STANDARD ......................................................................................................... 5

IV. ARGUMENT ...................................................................................................................... 6

   A.  Plaintiff Fails to Allege that Discover Products Lacked a Permissible Purpose to Establish a Plausible FCRA Claim. .............................................................................................. 6

      1.    Plaintiff Fails to Allege that Discover Products Lacked a Permissible Purpose. ......... 6

         a.    Plaintiff's broad, conclusory allegations, without more, do not state a claim for relief. 7

         b.    Discover Products had requisite permissible purposes to obtain Plaintiff's consumer report as the servicer of Plaintiff's Discover Bank Account. ............................ 8

   B.  Plaintiff's Allegations Relating to "Discover Personal Loan" Do Not Provide Her With a FCRA Claim As to Discover Products. .................................................................................. 11

   C.  Plaintiff's Intrusion Upon Seclusion Claim Should be Dismissed as Derivative of Her FCRA Claim. ............................................................................................................................. 12

   D.  Plaintiff's DTPA Claim Fails as a Matter of Law. ........................................................ 14

   E.  Plaintiff's Fails to Plead Her Fraud Claim With the Requisite Particularity. .................. 16

V. CONCLUSION ................................................................................................................... 18

# TABLE OF AUTHORITIES

Cases

*Alessandro-Roberto v. Experian Info. Solus. Inc.*,
   2023 WL 6462860 (N.D. Tex. Oct. 2, 2023).........................................................................13

*Aquaplex, Inc. v. Rancho La Velancia, Inc.*,
   297 S.W.3d 768 (Tex. 2009) ................................................................................................21

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................10, 11

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................10, 11

*Bell v. Bay Area Credit Serv.*,
   No. 4:14-CV-644-Y, 2015 WL 12712684, at *2 (N.D. Tex. May 7, 2015)...........................14

*Budri v. FirstFleet Inc.*,
   2019 WL 5587181 (N.D. Tex. Sept. 20, 2019) .....................................................................22

*Cherkaoui v. Santander Consumer USA, Inc.*,
   32 F. Supp. 3d 811 (S.D. Tex. 2014)...................................................................................18

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ..............................................................................................10

*Crain v. Credit Protection Ass'n*,
   2010 WL 2976127 (N.D. Tex. Jun. 30, 2010)......................................................................12

*Cunningham v. Nationwide Sec. Sols., Inc.*,
   2017 WL 10486988 (N.D. Tex. Nov. 2, 2017) ......................................................11, 12, 16

*Cunningham v. Turner*,
   2024 WL 2804930 (N.D. Tex. May 31, 2024) .....................................................................16

*Cushman v. GC Servs., LP*,
   657 F.Supp.2d 834 (S.D. Tex. 2009)...................................................................................21

*Davis v. Capital One Auto Fin.*,
   No. 1:17-cv-1706-WSD, 2017 WL 41219647, at *3 (N.D. Ga. Sept. 18, 2017)......................8

*Davis v. Wells Fargo Bank, N.A.*,
   976 F. Supp. 2d 870 (S.D. Tex. 2013).................................................................................20

*Dyson v. Sky Chefs, Inc.*,
   3:16-CV-3155-B, 2017 WL 2618946 (N.D. Tex. Jun. 16, 2017) ...........................................18

*Eustice v. JPMorgan Chase & Co.*,
   2019 WL 3067507 (S.D. Tex. July 12, 2019) .....................................................................22

*Funk v. Stryker Corp.*,
   631 F.3d 777 (5th Cir. 2011) .................................................................................................7

*Gonzalez v. Midland Funding, LLC*,
   2013 WL 1291802 (N.D. Tex. Mar. 29, 2023).....................................................................15

*Guidry v. Am. Pub. Life Ins. Co.*,
   512 F.3d 177 (5th Cir. 2007) ..............................................................................................10

*Hoge v. Parkway Chevrolet, Inc.*,
   2007 WL 3125298 (S.D. Tex. Oct. 23, 2007) .....................................................................13

*Hunter v. Navy Fed. Credit Union*,
   749 F. Supp. 3d 743 (N.D. Tex. 2024) ................................................................................20

*Klosterman v. Discover Products Inc.*,
   752 F. Supp. 3d 470 (E.D. Pa. 2024) .................................................................... 15

*Montalvo v. Bank of Am. Corp.*,
   864 F. Supp. 2d 567 (W.D. Tex. 2012) ................................................................ 21

*Norman v. Northland Grp. Inc.*,
   495 Fed. Appx. 425 (5th Cir. 2012) .................................................................... 15

*Norris v. Hearst Trust*,
   500 F.3d 454 (5th Cir. 2007) ................................................................................. 7

*North v. Capital One, N.A.*,
   2024 WL 1996130 (S.D. Tex. May 6, 2024) ...................................................... 20

*Rhodes v. McCall-N Ltd.*,
   2022 WL 3349229 (S.D. Tex. Jul. 27, 2022) ...................................................... 13

*Robertson v. Citimortgage, Inc.*,
   2012 WL 12872717 (N.D. Tex. Aug. 28, 2012) .................................................. 21

*Sanchez v. Global Lending Servs.*,
   2024 WL 1076827 (N.D. Tex. Feb. 22, 2024) ............................................. 12, 18

*Seelbach v. Ditech Fin. LLC*,
   2018 WL 3496479 (N.D. Tex. July 19, 2018) ..................................................... 20

*Smith v. Texas Capital Lones, LLC*,
   2025 WL 1914784 (S.D. Tex. May 20, 2025) ..................................................... 21

*Stonehart v. Rosenthal*,
   2001 WL 910771 (S.D.N.Y. Aug. 13, 2001) ...................................................... 13

*Texas Comptroller of Pub. Accounts v. Attorney Gen. of Texas*,
   354 S.W.3d 336 (Tex. 2010) ............................................................................... 17

*Turner v. AmericaHomeKey Inc.*,
   2011 WL 3606688 (N.D. Tex. Aug. 16, 2011) .................................................... 22

*United States ex rel. Grubbs v. Kanneganti*,
   565 F.3d 180 (5th Cir. 2009) ............................................................................... 22

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
   125 F.3d 899 (5th Cir. 1997) ............................................................................... 22

*United States v. Zadeh*,
   820 F.3d 746 (5th Cir. 2016) ............................................................................... 19

*Valenzuela v. Aquino*,
   853 S.W.2d 512 (Tex. 1993) ............................................................................... 18

*Washington v. CSC Credit Servs. Inc.*,
   199 F.3d 263 (5th Cir. 2000) ............................................................................... 17

*Williams v. Alpha Recovery Corp.*,
   2023 WL 8824809 (N.D. Ga. Oct. 16, 2023) ..................................................... 13

*Williams v. WMX Techs., Inc.*,
   112 F.3d 175 (5th Cir. 1997) ............................................................................... 22

*Young v. Equifax Credit Info. Servs.*,
   294 F.3d 631 (5th Cir. 2002) ............................................................................... 17

**Statutes**

15 U.S.C. § 1681 ............................................................................................................ 8

15 U.S.C. § 1681b(a) ........................................................................................................ 13
15 U.S.C. § 1681b(a)(3)(A)-(F) .................................................................................. 14, 15
15 U.S.C. § 1681e(a) ........................................................................................................ 17
15 U.S.C. § 1681s-2(b) ..................................................................................................... 17
15 U.S.C. § 1681t(b)(1)(F) ............................................................................................... 19
Tex. Bus. & Com. Code § 17.45(4) ................................................................................. 20
Tex. Bus. & Comm. Code § 17.45 .................................................................................. 21
§ 1681(b)(a)(3) ................................................................................................................. 13
§ 1681b ............................................................................................................................. 16
§ 1681b(a)(3)(A) .............................................................................................................. 15
§ 1681b(f) ................................................................................................................... 16, 17
§ 1681e ............................................................................................................................. 17

Rules

Fed. R. Civ. P. 9(b) ............................................................................................... 21, 22, 23
Fed. R. Civ. P. 12(b)(6) .................................................................................................... 10
Rule 12(b) ........................................................................................................................ 10

**COMES NOW** Defendant Discover Products, Inc. ("Discover Products"), by and through its undersigned counsel, and submits the following Memorandum of Law in support of its Motion to Dismiss the First Amended Complaint of Plaintiff Kimberly Johnson ("Plaintiff"), stating as follows:

## I. INTRODUCTION

In the latest iteration of a number of cases brought by Plaintiff all arising from a single Discover Bank credit card account, Plaintiff alleges that her consumer report reflects a series of impermissible inquiries from Discover Products. Because these allegations simply cannot state a claim for relief against Discover Products, it moved to dismiss Plaintiff's initial Complaint pursuant to Rule 12(b)(6). However, Plaintiff then allegedly received a copy of her consumer report from defendant Lexis Nexis Risk Solutions, Inc. ("Lexis"), wherein it purportedly indicates that a non-existent entity, "Discover Personal Loan," was the entity which was conducting the alleged account review inquiries. Despite the endless gamesmanship by Plaintiff against Discover Products and related entities, these new allegations do nothing to salvage this meritless action.

Plaintiff has the burden of establishing that Discover Products obtained her consumer report without a permissible purpose. As previously explained, Discover Products has a permissible purpose to obtain her consumer report and Plaintiff cannot state a claim for this reason alone. Plaintiff's First Amended Complaint suffers the exact same deficiencies as her initial Complaint, and the fact that Lexis is allegedly reporting that a non-existent entity is the one conducting the alleged account review inquiries does nothing to bolster her claims against Discover Products. Discover Products has no control over how Lexis chooses to identify Discover in its reporting of Plaintiff's consumer information. And, even if it did, Plaintiff has failed to establish how this would provide her with a cause of action against Discover Products.

Accordingly, Discover Products respectfully requests that this Court dismiss Plaintiff's First Amended Complaint as to Discover Products, with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1.      On January 30, 2025, Plaintiff initiated an action against Discover Bank, improperly identified as Discover Financial Services LLC ("Discover Bank"), No. 3:25-cv-00241-E-BN (hereinafter "*Johnson I*").

2.      On February 24, 2025, Discover Bank filed its Motion to Compel Arbitration and Stay. *See id.* at Doc. 13.[1]

3.      Within Discover Bank's Motion to Compel Arbitration and Stay, it included the declaration of Janusz "John" Wantuch, the Vice President of Credit Management for Discover Bank (the "Wantuch Declaration"). *See id.* at Doc. 13-1.

4.      In the Wantuch Declaration, Discover Bank outlined that Plaintiff applied for and opened a credit card account with Discover Bank on or about January 24, 2020, which had an account number ending in x4661 (the "Account"). The Account ultimately underwent a full balance transfer to a credit card account with Discover, ending in the account numbers x3672. *See id.* ¶¶ 8, 11; *see also* Doc. 13-2. Discover Bank further described Plaintiff's acceptance of the Discover Bank Cardmember Agreement as well other pertinent information relating to her Account and the Cardmember Agreement. *See generally* Doc. 13-1.

_____

[1] This Court should take judicial notice of its own record from *Johnson I*. *See Funk v. Stryker Corp.*, 631 F.3d 777, 782-83 (5th Cir. 2011) (stating that the district court "took appropriate notice of publicly available documents" in deciding a 12(b)(6) motion to dismiss); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

5. On July 14, 2025, Magistrate Judge David L. Horan entered his R&R granting Discover Bank's Motion to Compel Arbitration and Stay. *See id.* at Doc. 58. In Magistrate Judge Horan's R&R, he referenced the Wantuch Declaration, and concluded:

> Here, the undisputed evidence reflects that Johnson activated and used the credit card account with Discover, and because Johnson activated and used that account, she manifested an intent to be bound by the arbitration agreement, and accordingly she is bound by the terms of the arbitration agreement.

*See id.* at 12 (cleaned up; internal citations and quotations omitted).

6. On August 5, 2025, this Court in *Johnson I* accepted the R&R, granted Discover Bank's Motion to Compel Arbitration and Stay, and referred the case to arbitration. *See id.* at Doc. 60.

7. On June 9, 2025, Plaintiff initiated the present action against Discover Products. (*See* Doc. 1-1.)

8. In her initial Complaint, Plaintiff alleged claims against Discover Products for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, invasion of privacy – intrusion upon seclusion, and violation of the Texas Deceptive Trade Practices Act ("DTPA"). (*See id.*)

9. In support of these claims, Plaintiff alleged that Discover Products repeatedly accessed her consumer report without her consent and without a permissible purpose between January 2, 2024 and April 3, 2025. (*See id.* ¶ 6.) Plaintiff further alleged that she "never applied for, maintained, or consented to any credit, loan, or financial relationship" with Discover Products, that "no consumer-initiated transactions exists" between herself and Discover Products, and that she never "gave authorization, initiated an application, or otherwise interacted with" Discover Products. (*See id.* ¶¶ 7-8.)

10.     Attached as "Exhibit 1" to Plaintiff's initial Complaint was Discover Products' Application for Registration of a Foreign For-Profit Corporation filed with the Office of the Secretary of State of Texas (the "Application") (*See* Doc. 1-1 at 10.) In the Application, Discover Products identifies that its business purpose is "[i]ntercompany servicing activities." (*See id.*)

11.     On August 11, 2025, Discover Products filed its Motion to Dismiss Plaintiff's initial Complaint (Doc. 8), arguing that: (i) Plaintiff's allegations were insufficient to assert a cause of action under § 1681b(f); (ii) Discover Products had a permissible purpose to obtain Plaintiff's consumer report, which is a complete defense to her FCRA claims; (iii) Plaintiff had not sufficiently alleged that Discover Products acted negligently or willfully; (iv) Plaintiff's intrusion upon seclusion claim should be dismissed as derivative of her FCRA claim; and (v) Plaintiff's DTPA claim should be dismissed as derivative of her FCRA claim and insufficient as a matter of law due to Plaintiff not constituting a "consumer" as that term is defined by the DTPA. (*See generally id.*)

12.     On August 25, 2025, Plaintiff filed her Amended Complaint. (*See* Doc. 10.) In her First Amended Complaint, she again contends that her consumer report shows a series of unauthorized inquiries by Discover Products, whom she allegedly does not have an account with. (*See id.* ¶ 8.) She further claims that after her initiation of this action, she discovered that these inquiries now appear on her Lexis consumer report as having been conducted by "Discover Personal Loans," and that this violates the FCRA's "certification requirements" pursuant to § 1681b(f) and FCRA's "accuracy mandates" pursuant to § 1681e(b). (*See id.* ¶ 10.)

13.     In sum, Plaintiff asserts a total of four claims against Discover Products, to include: (i) violation of the FCRA § 1681b(f); (ii) intrusion upon seclusion; (iii) violation of the DTPA; and (iv) common law fraud. (*See generally id.*)

14.    Discover Products now files this Memorandum of Law in Support of its Motion to Dismiss the First Amended Complaint of Plaintiff, as Plaintiff alleges no claims against Discover Products upon which relief can be granted.

### III. LEGAL STANDARD

The United States Supreme Court has held that to withstand dismissal under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Nonetheless, this standard requires more than "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

Although "the pleading standard . . . does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, courts are not bound to accept as true a legal conclusion couched as a factual allegation. *See id.* at 678–79. Instead, a plaintiff must demonstrate that facts pleaded allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 12(b). *Id.* at 678. The plaintiff instead must plead specific facts, not merely conclusory allegations, to avoid dismissal. *See id.*; *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Ultimately, the plaintiff's complaint must "'nudge' his

claim . . . 'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570).

# IV. ARGUMENT

### A.    Plaintiff Fails to Allege that Discover Products Lacked a Permissible Purpose to Establish a Plausible FCRA Claim.

To establish a FCRA claim for willful or negligent acquisition of a consumer report, Plaintiff bears the burden of showing: "(1) that there was a 'consumer report,' (2) that defendant used or obtained the report (3) without a permissible purpose, and (4) that defendant acted negligently or willfully." *See Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988, at *4 (N.D. Tex. Nov. 2, 2017) (citations omitted).

Simply put, the new allegations contained within Plaintiff's Amended Complaint do not provide her with any additional basis to revive her claims under § 1681b(f). As previously explained, Discover Products has a permissible purpose to obtain Plaintiff's consumer report and this permissible purpose is a complete defense to Plaintiff's FCRA claim. Nonetheless, even assuming that her Lexis consumer report indicates that these inquiries were conducted by "Discover Personal Loans," an admittedly non-existent entity, she fails to explain how that would possibly bolster any claim that **Discover Products** obtained her consumer report without a permissible purpose. In sum, the First Amended Complaint fails to adequately plead the required elements to state a claim under the FCRA. Therefore, Plaintiff's claims against Discover Products should be dismissed with prejudice.

### 1.    Plaintiff Fails to Allege that Discover Products Lacked a Permissible Purpose.

Plaintiff's FCRA claim against Discover Products arises from § 1681b(f). (*See* Doc. 10 ¶¶ 14-16.) Specifically, Plaintiff alleges that Discover Products violated the FCRA by (1) accessing her consumer report because she never entered into any consumer transaction with Discover

Products (*See id.* ¶ 8); and (2) by allegedly collaborating with Lexis to obscure its identity and accessing her consumer report using the non-existent entity name of "Discover Personal Loans." (*See id.* ¶¶ 9-12.) Discover Products will first address Plaintiff's contention that she did not enter into any consumer transaction authorizing Discover Products to allegedly access her consumer report.

> **a.    Plaintiff's broad, conclusory allegations, without more, do not state a claim for relief.**

As this Court and others have repeatedly held, such broad conclusory allegations are insufficient to state a claim for relief under section 1681b(f). *See, e.g., Sanchez v. Global Lending Servs.,* No. 4:23-CV-01101-O-BP, 2024 WL 1076827, at \*3-4 (N.D. Tex. Feb. 22, 2024) (dismissing *pro se* plaintiff's section 1681b(f) claim, which alleged that he "did not give [Global] permission to access [his] credit profile" and that Global "has no permissible purpose by law to contact third parties with [his] private or personal information."), *report and recommendation adopted*, No. 4:23-CV-01101-O-BP, 2024 WL 1122061 (N.D. Tex. Mar. 14, 2024); *Crain v. Credit Protection Ass'n,* No. 3:09-CV-2353-D, 2010 WL 2976127, at \*2 (N.D. Tex. Jun. 30, 2010) ("Although Plaintiff essentially claims that Defendant did not have a legitimate business need to obtain his credit information, he has not plead any facts to support this allegations. This failure is fatal to Plaintiff's claim against Defendant under *Iqbal.*") (citations omitted); *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988, at \*4-5 (N.D. Tex. Nov. 2, 2017) (rejecting *pro se* plaintiff's claims that "at no time had the plaintiff given consent for Nationwide Security to obtain Plaintiff's credit report, nor did Nationwide have any permissible purpose to obtain the Plaintiff's credit report" and stating that "[c]ourts have rejected allegations, similar to Plaintiff's, merely concluding that a defendant did not have a permissible purpose.")

(collecting cases)[2]. As such, Plaintiff's FCRA claim, premised on broad conclusory allegations, fails as a matter of law for this reason alone.

> ### b. Discover Products had requisite permissible purposes to obtain Plaintiff's consumer report as the servicer of Plaintiff's Discover Bank Account.

Plaintiff alleges that Discover Products violated section 1681b(f) by obtaining her consumer report without authorization and with no permissible purpose. (*See* Doc. 10 ¶ 8.) "A credit report may only be obtained with the consumer's written consent ***or for 'permissible purposes***.'" *Hoge v. Parkway Chevrolet, Inc.*, No. H-05-2686, 2007 WL 3125298, at *6 (S.D. Tex. Oct. 23, 2007) (quoting 15 U.S.C. § 1681b(a); emphasis added)). A consumer's authorization is not required if the consumer report is obtained for a permissible purpose. *See, e.g., Alessandro-Roberto v. Experian Info. Solus. Inc.*, No. 3:23-CV-0130-D, 2023 WL 6462860, at *5 (N.D. Tex. Oct. 2, 2023) ("[W]ritten consent is not required if a credit report is obtained for a 'permissible purpose' set forth in § 1681(b)(a)(3)") (collecting cases). Importantly, "[a] showing of a permissible purpose is a complete defense." *See Rhodes v. McCall-N Ltd.*, No. 4:21-cv-04221, 2022 WL 3349229, at *2 (S.D. Tex. Jul. 27, 2022) (quoting *Stonehart v. Rosenthal,* No. 01 CIV. 651 (SAS), 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001)). Under the FCRA, a user may obtain a consumer report for a number of reasons, to include:

---

[2] *See also, e.g., Williams v. Alpha Recovery Corp.*, No. 1:23-cv-4696-LMM-JKL, 2023 WL 8824809, at *2 (N.D. Ga. Oct. 16, 2023) (dismissing *pro se* plaintiff's section 1681b(f) claim, which alleged that "[d]efendant did not have a permissible purpose for requesting his credit reports because he never initiated a consumer transaction with the [d]efendant, never had an account with it, and never entered into any sort of contract."); *Davis v. Capital One Auto Fin.*, No. 1:17-cv-1706-WSD, 2017 WL 41219647, at *3 (N.D. Ga. Sept. 18, 2017) (dismissing *pro se* plaintiff's section 1681b(f) claim and stating that "allegations that [plaintiff] never had business dealings, made a credit application, or gave permission to [d]efendant to access his credit report are insufficient to state a claim because it is clearly established that an absence of dealings with the user of credit information is simply not enough to establish liability.").

(3) To a person which it has reason to believe
(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

* * *
(F) otherwise has a legitimate business need for the information—
(i) in connection with a business transaction that is initiated by the consumer; or
(ii) to review an account to determine whether the consumer continues to meet the terms of the account.

*See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

Here, Discover Products had permissible purposes to allegedly obtain Plaintiff's consumer report. As previously explained, this case is the latest in a series of actions brought by Plaintiff against Discover Products and its affiliates.[3] There can simply be no question that Plaintiff has a Discover Bank credit card Account. In *Johnson I*, Discover Bank provided this Court with the Wantuch Declaration, wherein he explained that on or about January 24, 2020, Plaintiff applied for and opened the Account with Discover. *See Johnson I*, No. 3:25-cv-000241-E-BN, Doc. 58 at 8. Additionally, the Wantuch Declaration provided that "Discover has not sold or transferred the Account to any other party, and retains all rights to the Account." *See id.* at 11. In the R&R, the Magistrate Judge found that "the undisputed evidence reflects that [Plaintiff] activated and used the credit card account with Discover." *See id.* at 12 (citations and quotations omitted). Ultimately, this Court approved the R&R and compelled Plaintiff's claims against Discover Bank to arbitration. *See id.* at Doc. 60.

While Plaintiff attempts to now bring claims against Discover Products, an exhibit to her initial Complaint shows that Discover Products is simply the servicing arm of Discover Bank, the

---

[3] *See Johnson v. Discover Financial Services LLC*, No. 3:25-cv-00241-E-BN; *Johnson v. Experian Info. Solus., Inc., et al.,* No. 3:25-cv-01155-X-BN.

issuer of her credit card Account. Attached as "Exhibit 1" to Plaintiff's initial Complaint is Discover Products' Application for Registration of a Foreign For-Profit Corporation filed with the Office of the Secretary of State of Texas (*See* Doc. 1-1 at 10.) In the Application, Discover Products identifies that its business purpose is "[i]ntercompany servicing activities." (*See id.*) Discover Products' relationship as the servicer for Discover Bank is well documented. *See, e.g., Klosterman v. Discover Products Inc.*, 752 F. Supp. 3d 470, 479 n.2 (E.D. Pa. 2024) (stating that a declaration by Discover "clarifies that Discover Bank is a wholly owned subsidiary of parent corporation Discover Financial Services, LLC ("DFS"). Discover Bank is the issuer of the Discover credit card at issue in this case. Discover Products, Inc. ("DPI") is a wholly owned, direct servicing subsidiary of credit card issuer Discover Bank. As the servicer of the Discover credit card issued to [plaintiff], DPI is responsible for furnishing information to, and responding to consumer disputes received from credit reporting agencies.").

As such, due to Discover Products indisputably being the servicing arm of Discover Bank, as well as the fact that Plaintiff has a Discover Bank credit card Account, any inquiry into Plaintiff's consumer report was done by Discover Products for permissible purposes as outlined in 15 U.S.C. § 1681b(a)(3)(A)-(F). *See, e.g., Norman v. Northland Grp. Inc.*, 495 Fed. Appx. 425, 427 (5th Cir. 2012) (affirming dismissal of a FCRA claim where documents showed the defendant's "inquiry was for the permissible purpose of collection of an account under § 1681b(a)(3)(A)"); *Gonzalez v. Midland Funding, LLC*, No. 4:13-CV-50-A, 2013 WL 1291802, at *6 (N.D. Tex. Mar. 29, 2023) ("Thus, between plaintiff's failure to allege adequate facts and plaintiff's own allegations that defendants were reviewing his account in regards to a debt, plaintiff has not stated a claim under FCRA, and his claims should be dismissed."). Accordingly, Plaintiff's FCRA claim should be dismissed for this additional reason.

**B.     Plaintiff's Allegations Relating to "Discover Personal Loan" Do Not Provide Her With a FCRA Claim As to Discover Products.**

The majority of Plaintiff's First Amended Complaint revolves around her allegation that Lexis has mischaracterized Discover Products as "Discover Personal Loans." (*See generally* Doc. 10.) However, these allegations do absolutely nothing to bolster Plaintiff's FCRA claim as Discover Products has no ability to control how Lexis is characterizing its account review inquiries. While credit reporting agencies have certain duties under the FCRA to report accurate information, no such duty exists as to a furnisher such as Discover Products. *See Cunningham v. Turner*, No. 3:24-cv-0154-D, 2024 WL 2804930, at *2 (N.D. Tex. May 31, 2024) ("[T]he FCRA expressly precludes a private right of action for breaches of the duty to provide accurate information.") As such, Plaintiff's allegations relating to "Discover Personal Loans" do nothing to support Plaintiff's claims against Discover Products.

Additionally, to the extent Plaintiff claims that Lexis allegedly reporting inaccurate information supports her § 1681b(f) claim against Discover Products, this too is meritless. As previously explained, Plaintiff must establish "(1) that there was a 'consumer report,' (2) that defendant used or obtained the report (3) without a permissible purpose, and (4) that defendant acted negligently or willfully." *See Cunningham*, 2017 WL 10486988, at *4 (citations omitted). Plaintiff cannot establish these elements. Nowhere within these elements or within the plain language of § 1681b does it provide any right of action against a furnisher of information based on a consumer reporting agencies' allegedly inaccurate reporting of information pertaining to the name of the entity who conducted the alleged account review inquiries. *See generally* 15 U.S.C. § 1681b.

Essentially, Plaintiff is attempting to shoehorn a claim relating to alleged inaccurate information appearing on her consumer report into an impermissible purpose claim under §

1681b(f). This is contrary to the plain language of the FCRA and what is required of furnishers such as Discover Products. The only duties placed on furnishers as it pertains to inaccurate information arises under § 1681s-2(b). *See* 15 U.S.C. § 1681s-2(b). However, Plaintiff has not alleged a claim under § 1681s-2(b). Nor could she, as she has not alleged any of the prerequisites to establish the same. *See Young v. Equifax Credit Info. Servs.*, 294 F.3d 631, 639 (5th Cir. 2002). Plaintiff's frivolous and novel attempts to bring claims of inaccuracy on her Lexis consumer report as a § 1681b(f) claim should be rejected as improper.

The only other relevant statutory reference Plaintiff makes in support of these allegations is her contention that these actions were not "certified under § 1681e(a)." (*See* Doc. 10 ¶ 15.) This too is irrelevant to Discover Products because § 1681e applies only to consumer reporting agencies. *See* 15 U.S.C. § 1681e(a) ("Every **consumer reporting agency** shall maintain reasonable procedures . . . ."); *see also Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 266 (5th Cir. 2000) (finding that § 1681e(a) "requires **reporting agencies** to 'maintain reasonable procedures . . . .") (emphasis added) (citation omitted). Accordingly, based upon the plain language of § 1681e, it does not support Plaintiff's § 1681b(f) claim or otherwise support her contention that Discover Products could possibly be liable for Lexis' alleged failure to accurately report what entity conducted the account review inquiries.

As such, and because Discover Products had a permissible purpose to conduct the alleged account review inquiries, Plaintiff's FCRA claim fails as a matter of law.

### C. Plaintiff's Intrusion Upon Seclusion Claim Should be Dismissed as Derivative of Her FCRA Claim.

The elements of invasion of privacy by intrusion are: "(1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Texas Comptroller of Pub. Accounts v.*

*Attorney Gen. of Texas*, 354 S.W.3d 336, 364 (Tex. 2010) (quoting *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993)). "Highly offensive" means that the intrusion "must be unreasonable, unjustified, or unwarranted." *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 816 (S.D. Tex. 2014). In support of this claim, Plaintiff states that Discover Products "intentionally intruded upon Plaintiff's seclusion by repeatedly accessing and altering her private credit file without consent." (*See* Doc. 10 ¶ 25.)

In *Cherkaoui*, the court analyzed identical claims under both the FCRA and for invasion of privacy. *See* 32 F. Supp. 3d at 816. In rejecting that plaintiff's invasion of privacy claim, the court explained "[b]ecause Santander's credit inquiries were for a permissible purpose, they cannot be unreasonable, unjustified, or unwarranted for the purposes of an invasion of privacy claim." *See id.* (citing cases). Likewise, Discover Products' alleged inquiries were—as shown above—for a permissible purpose. As such, they cannot support a claim for invasion of privacy. *See also Sanchez*, 2024 WL 1076827, at *5 ("Assuming that Global's obtaining Sanchez's credit information constitutes an intentional intrusion upon Sanchez's private affairs, Sanchez has not pleaded facts to explain why this intrusion would be highly offensive to a reasonable person. Therefore, he has not stated a claim for invasion of privacy via intrusion upon seclusion."); *Dyson v. Sky Chefs, Inc.*, No. 3:16-CV-3155-B, 2017 WL 2618946, at *7-8 (N.D. Tex. Jun. 16, 2017) (analyzing invasion of privacy in the context of FCRA claims and stating that "there was no invasion of privacy when Defendants did just what he authorized them to do and procured his consumer report.") (collecting cases).

Here, Plaintiff pleads no more than the barebones elements of an intrusion upon seclusion claim, totally reliant on her flawed FCRA claim. (*See* Doc. 10 ¶ 24.) As such, Plaintiff's intrusion upon seclusion claim necessarily fails as a matter of law and should likewise be dismissed.

**D.      Plaintiff's DTPA Claim Fails as a Matter of Law.**

Plaintiff's DTPA claim is premised on two separate and distinct allegations. First, that Discover Products did not have a permissible purpose to allegedly access her consumer report. (*See* Doc. 10 ¶ 27.) Second, that defendants misrepresented the name of the entity who conducted the alleged account review inquiries. (*See id.*) This claim fails primarily for three reasons. First, as to Plaintiff's allegations of impermissible access to her consumer report, because Discover Products had a permissible purpose to allegedly access Plaintiff's consumer report, this claim necessarily fails as a matter of law. *See Bell v. Bay Area Credit Serv.*, No.4:14-CV-644-Y, 2015 WL 12712684, at *2 (N.D. Tex. May 7, 2015) (stating that the plaintiff's DTPA claim was "tied to her claim that Defendant lacked a permissible purpose for accessing her credit report. Because Defendant was within its rights provided under the FCRA in reviewing Plaintiff's credit report, Plaintiff's related claims fail and are dismissed.").

Second, Plaintiff's allegations regarding Discover Personal Loans relate to inaccuracies in her Lexis consumer report. (*See* Doc. 10 ¶ 27.) Essentially, Plaintiff contends that Discover Products conspired with Lexis by furnishing inaccurate information as to the entity who was conducting the alleged account review inquiries. (*See generally* Doc. 10.) However, state law claims such as the DTPA relating to allegations of inaccurate information provided by furnishers are preempted by the FCRA. "Under the doctrine of federal preemption, a federal law supersedes or supplants an inconsistent state law or regulation." *United States v. Zadeh*, 820 F.3d 746, 751 (5th Cir. 2016). Section 1681t(b) provides that "[n]o requirement or prohibition may be imposed under the laws of any State – (1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . ." *See* 15 U.S.C. § 1681t(b)(1)(F). Courts sitting in this State interpret this provision as preempting DTPA claims based on alleged inaccurate information contained within

a consumer report. *See North v. Capital One, N.A.*, No. 4:23-cv-03309, 2024 WL 1996130, at *3 (S.D. Tex. May 6, 2024) ("DTPA claims based on credit reporting allegations are preempted by the FCRA"); *Seelbach v. Ditech Fin. LLC*, No. 3:17-cv-3386, 2018 WL 3496479, at *4 (N.D. Tex. July 19, 2018) (dismissing DTPA claim as preempted by the FCRA).

Finally, and encompassing the entirety of Plaintiff's DTPA claim, Plaintiff is not a "consumer" as that term is defined under the DTPA. To establish consumer status under the DTPA, a plaintiff must be "an individual . . . who seeks or acquired by purchase or lease, any goods or services . . ." Tex. Bus. & Com. Code § 17.45(4). The DTPA defines "goods" as "tangible chattels or real property purchased or leased for use." *Id.* § 17.45(1). It defines "services" as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." *Id.* § 17.45(2). It is well settled that "money is neither a 'good' nor a 'service' under the DTPA." *Hunter v. Navy Fed. Credit Union*, 749 F. Supp. 3d 743, 755 (N.D. Tex. 2024) (citing *Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 886 (S.D. Tex. 2013) (noting, in context of DTPA claim, that "money is neither a good nor a service."))

Here, as described above, Plaintiff has a Discover Bank credit card Account, in which Discover Products acts as the servicer. *See supra*. IV(A)(1)(b).[4] Courts have repeatedly held that a line of credit is not a "good" or "service" in order to confer consumer status on a plaintiff as that term is defined. *See, e.g., Hunter*, 749 F. Supp. 3d at 756 ("Hunter's mere acquisition of a line of credit from NFCU does not suffice to confer consumer status. A person who acquires a line of credit without more does not seek or acquire goods or services within the meaning of the DTPA.")

---

[4] It is worth noting that Plaintiff's Amended Complaint contends that she has no business relationship with Discover Products whatsoever. (*See generally* Doc. 10.) This allegation alone is sufficient to invalidate any claim under the DTPA as certainly, if it were taken as true, she would not qualify as a "consumer" under the same.

(collecting cases); *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 574 (W.D. Tex. 2012) ("Under Texas law, money (including loans) and intangibles are not 'goods.'") (quoting Tex. Bus. & Comm. Code § 17.45); *Smith v. Texas Capital Lones, LLC*, No. 4:24-CV-2757, 2025 WL 1914784, at *6 (S.D. Tex. May 20, 2025) (stating that "[p]laintiff's acquisition of a line of credit is not enough to confer consumer status" under the DTPA), *report and recommendation adopted*, No. 4:24-CV-02757, 2025 WL 1793152 (S.D. Tex. Jun. 30, 2025); *Cushman v. GC Servs., LP*, 657 F.Supp.2d 834, 843-44 (S.D. Tex. 2009) (concluding that plaintiff, in acquiring a line of credit from American Express, did not seek goods or services under the DTPA).

As such, Plaintiff's claim under the DTPA fails as a matter of law for this additional reason.

### E.    Plaintiff's Fails to Plead Her Fraud Claim With the Requisite Particularity.

Plaintiff next contends that "Defendants fraudulently misrepresented or concealed the true inquirer and purpose by altering records to 'Discover Personal Loans,' inducing reliance on inaccurate reports." (*See* Doc. 10 ¶ 29.) To establish a claim for fraud under Texas law, Plaintiff must prove that: (1) a material misrepresentation was made: (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Robertson v. Citimortgage, Inc.*, No. 3:12-CV-00445-P, 2012 WL 12872717, at *2 (N.D. Tex. Aug. 28, 2012) (citing *Aquaplex, Inc. v. Rancho La Velancia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009)).

Under Rule 9(b), in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177. "A claim that a fraud allegations is not made with particularity is properly raised by a Rule 12(b)(6) motion to dismiss." *Eustice v. JPMorgan Chase & Co.*, No. H-19-1489, 2019 WL 3067507, at *3 (S.D. Tex. July 12, 2019) (citing *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009)).

Plaintiff's fraud claim fails for the simple reason that it is not plead with particularity pursuant to Rule 9(b). In fact, she lumps both Discover Products and Lexis together, alleging only that "Defendants" collectively committed the alleged fraudulent act. (*See* Doc. 10 ¶ 29.) What she does not do, however, is establish any of the elements whatsoever to support a claim for fraud against Discover Products. She does not claim that: (1) Discover Products made any material misrepresentation; (2) that any alleged misrepresentation by Discover Products was false; (3) that Discover Products knew of this misrepresentations falsity; (4) that Discover products intended Plaintiff to rely on any material misrepresentation; or (5) that she actually relied on any material misrepresentation of Discover Products. In fact, she does not allege that Discover Products made any statement to her whatsoever, let alone a "material misrepresentation" that Discover Products knew was false and that she relied upon. *See Budri v. FirstFleet Inc.*, No. 3:19-CV-0409-N-H, 2019 WL 5587181, at *17 (N.D. Tex. Sept. 20, 2019) (dismissing fraud claim due to the plaintiff's failure to "identify any material, false representations that Defendants made to him that he relied upon to his detriment[.]"); *Turner v. AmericaHomeKey Inc.*, No. 3:11-CV-850-D, 2011 WL

3606688, at *5 (N.D. Tex. Aug. 16, 2011) (dismissing fraud claim for failure to plead with particularity under Rule 9(b)).

Simply claiming that Lexis allegedly mischaracterized Discover Products as Discover Personal Loans—without more—cannot possibly state a claim for fraud against Discover Products under Texas law. As such, Plaintiff's fraud claim should also be dismissed with prejudice.

## V. CONCLUSION

As shown, the First Amended Complaint fails to state a viable claim for relief against Discover Products. Accordingly, Discover Products respectfully requests this Court enter an order dismissing all claims against Discover Products brought by Plaintiff in the First Amended Complaint, with prejudice.

Respectfully submitted this 8th day of September, 2025.

*/s/ Richard C. Keller*
Richard C. Keller TX. Bar No. 24134669
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: rkeller@burr.com

*/s/ Gary S. Kessler*
Gary S. Kessler TX Bar No. 11358200
Kessler Collins
500 N. Akard St., Ste. 3700
Dallas, TX 75201
Telephone: 214.379.0700
Facsimile: 214.373.4714
Email: gkessler@kesslercollins.com

*Attorneys for Defendant*
DISCOVER PRODUCTS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was electronically filed on this the

8th day of September, 2025 and will be served on the following by U.S. First Class Mail, postage

prepaid:

Kimberly Johnson
1079 W. Round Grove Rd. #300-148
Lewisville, TX 75067
kimberlycivilfilings@gmail.com
(469) 847-6253

*/s/ Richard C. Keller*
OF COUNSEL
